IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 30, 2008

## JEREMY SHANE JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 265798      Hon. Don W. Poole, Judge**

---

**No. E2007-02531-COA-R3-CV  - FILED DECEMBER 8, 2008**

---

Petitioner had entered a plea of delinquent to firing a weapon within the city limits and illegal possession of a firearm in Juvenile Court, and subsequently sought relief in a Post-Conviction Petition in the Trial Court. The Trial Court dismissed the Petition on the grounds that petitioner was not in custody of the Department of Children's Services at the time he filed the Petition for Relief. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., joined, and D. Michael Swiney, J., filed a separate concurring Opinion.

John Allen Brooks, Chattanooga, Tennessee, for appellant, Jeremy Shane Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter, and Benjamin A. Ball, Assistant Attorney General, Nashville, Tennessee, for appellee, State of Tennessee.

### OPINION

#### Background

On October 17, 2006, petitioner entered a plea in Hamilton County Juvenile Court for firing a weapon within the city limits and illegal possession of a firearm. The Hamilton County Juvenile Court adjudged petitioner delinquent.

Petitioner filed a Petition for post-conviction relief in the Hamilton County Criminal Court. The Trial Court dismissed the Petition on the grounds that the Petition did not properly state a post-conviction claim and further, the Petition if properly filed for post-conviction relief, would not entitle petitioner for relief because he was not in the custody of the Department of Children's Services. Petitioner has appealed.

The issue as stated in Petitioner's brief is does the petitioner have a right to a post-conviction hearing on an adjudication of delinquency, when the appellant alleged ineffective assistance of counsel, as well as the denial of due process under both the United States and Tennessee Constitution, and that the dismissal of the Petition without a hearing for lack of jurisdiction violated the 14th Amendment of the United States Constitution, and Article 1, Section 9, of the Tennessee Constitution.

Petitioner relies on the case of *State of Tennessee v. Rodgers*, 235 S.W.3d 92 (Tenn. 2007). Petitioner acknowledges that he has not been placed in the custody of the Department of Children's Services as a result of Criminal Court adjudication. The Juvenile Post-Commitment Procedures Act provides that only juveniles in the custody of the Department of Children's Services may file a petition for post-commitment relief.

Petitioner filed his Petition under the Post-Conviction Procedures Act, and the Trial Court determined that his juvenile adjudication did not constitute a conviction for purposes of the Act, and analyzed the Petition as a post-commitment petition.

Tenn. Code Ann. § 40-30-103 only allows for claims based upon criminal conviction, and a sentence under juvenile adjudication is not a criminal conviction. Tenn. Code Ann. § 37-1-133(a). In relying on *State v. Rodgers*, the petitioner argues that the case removes the custody requirement for the filing of a post-conviction petition so long as the adjudication of the delinquency may have collateral consequences such as enhancement of a subsequent sentence. *Rodgers* held that a juvenile petitioner's release from custody on reaching the age of majority after filing his petition will not render the issues raised in his petition moot if the adjudication in question "may have subsequent adverse effect", such as leading to the enhancement of an adult sentence. *Rodgers*, 97-98. But *Rodgers* is distinguishable from this case because it did not remove the statutory requirement set out in Tenn. Code Ann. § 37-1-302 that only a juvenile in custody pursuant to a commitment by a juvenile court may file a petition for post-commitment relief in the first instance.

As the record demonstrates, petitioner was not in the custody of the Department of Children's Services at the time he filed his Petition, and his Petition failed to state a claim upon which relief could be granted.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Jeremy Shane Johnson.

_____
HERSCHEL PICKENS FRANKS, P.J.